UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH LINSON, | No. 2:13-cv-2054 AC P |
| Plaintiff, | |
| v. | ORDER |
| EL DORADO COUNTY SHERIFF'S DETENTION DIVISION, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to the jurisdiction of the undersigned. ECF No. 4.

By order filed on October 18, 2013, plaintiff was directed to provide an in forma pauperis affidavit or to pay the filing fee within thirty days. See Order at ECF No. 3, citing 28 U.S.C. §§ 1914(a), 1915(a). Plaintiff thereafter timely submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 5. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

1

forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 566 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

In reviewing a complaint under this standard, the court must accept as true the allegations

2

1  of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740

2  (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in

3  the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421(1969).

4  Plaintiff alleges, generally, that the medical and custodial staff at the El Dorado County

5  Sheriff's Department Detention Division "have a custom and/or policy to disregard the serious

6  medical needs of plaintiff/inmates and undermine the protection of inmates in protective

7  custody." Complaint at 2. Under "Parties," plaintiff identifies only the El Dorado County

8  Sheriff's Department Detention Division as a defendant. Id., at 3. However, the body of the

9  complaint identifies Deputy Hoffmeister and Deputy Kent as defendants. The complaint also

10  identifies at least a couple of medical staff members by name, but does not identify those

11  individuals or any other medical personnel as defendants. See Complaint, generally.

12  Plaintiff, now a state prisoner, claims that he was assaulted by another inmate while a

13  pretrial detainee in protective custody at the defendant jail. On October 20, 2011, defendant

14  Deputy Hoffmeister unlocked the visiting booth which had been secured to protect plaintiff.

15  After being given clearance by defendant Deputy Kent in the observation tower, defendant

16  Hoffmeister ordered plaintiff to return to his housing unit. As plaintiff proceeded past the

17  observation tower operated by Deputy Kent, plaintiff alleges that he heard the air system to the

18  control doors "open" and then saw a general population "skinhead gang" inmate named Matt

19  Walker run toward him. Walker hit plaintiff repeatedly and the two struggled to the ground, were

20  tasered and ordered to stop fighting. Plaintiff was then escorted by unidentified deputies and

21  medical staff removed taser barbs from plaintiff's chest and leg. Plaintiff's injuries were

22  photographed by deputies. Complaint at 4-5.

23  The following day, October 21, 2011, plaintiff awoke with his hands, back and face in

24  severe pain and requested medical attention. On October 31, 2011, plaintiff was seen for a

25  "floating eye," headaches and a fractured left hand. An unnamed nurse questioned plaintiff about

26  his failure to have let someone know about his injuries and pain. Plaintiff told the nurse he had

27  submitted several request slips and told deputies he needed to see a doctor, but nothing was done.

28  Plaintiff was scheduled to see a doctor and was seen by Dr. Lee, who is not identified as a

defendant. On or about November 5th, 2011, Dr. Lee ordered plaintiff's hand to be put in a splint. On November 14th, in a follow-up visit, Dr. Lee confirmed that plaintiff's left hand had a fractured finger and the fractured finger and another finger also had tendon injuries. When the doctor asked why plaintiff's hand had not been wrapped and splinted as ordered, plaintiff told him an [unnamed] nurse had refused to do it. Later in the month when plaintiff asked Nurse Day for tape to better hold his splints, she told him she did not have any. When plaintiff then told Deputy Garcia, not identified as a defendant, that his need to be treated was being ignored, Garcia yelled an expletive back at him, telling him to "lock it down." Plaintiff claims that he now has deformed fingers on his left hand and has suffered mental anguish and stress due to defendant El Dorado Cty. Sheriff's Dept. Det. Div.'s custom and/or policy of lack of proper training and discipline and unnamed supervisors' lack of training of the medical and deputy staff. Plaintiff alleges that medical and custodial staff have a custom or policy of disregarding inmates' serious medical needs and also "undermine the protection" of protective custody inmates. Complaint at 5-7.

Plaintiff's allegations are not sufficient "to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202 (2d ed. 1990)). Although the Federal Rules adopt a flexible pleading policy, a complaint must provide fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim." Id. (internal citation/quotation marks omitted).

In addition, the Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See

4

Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondent superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

"Municipalities and other local government units ... [are] among those persons to whom § 1983 applies." Monell v. Dept. of Soc. Servs., 436 U.S. at 690. However, "a municipality can be liable under § 1983 only where its policies are the 'moving force [behind] the constitutional violation.'" City of Canton v. Harris, 489 U.S. 378, 389 (1989) (quoting Monell, 436 U.S. at 694. That is, a municipal entity or its departments is liable under § 1983 only if plaintiff shows that his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. See Villegas v. Gilroy Garlic Festival Association, 541 F.3d 950, 964 (9th Cir.2008) (citing Monell, 436 U.S. at 690-94). "[A]n act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." Board of

1  County Comm'rs. of Bryan County v. Brown, 520 U.S. 397, 404 (1997).  A local governmental
2  entity may also be liable if it has a "policy of inaction and such inaction amounts to a failure to
3  protect constitutional rights."  Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir.1992) (citing City of
4  Canton v. Harris, 489 U.S. 378, 389 (1989)); see also Monell, 436 U.S. at 690-91.  "[A] policy is
5  'a deliberate choice to follow a course of action ... made from among various alternatives by the
6  official or officials responsible for establishing final policy with respect to the subject matter in
7  question.' "  Oviatt, 954 F.2d at 1477 (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 483-
8  84 (1986) (plurality opinion)).

### Failure to Protect

"'[P]rison officials have a duty...to protect prisoners from violence at the hands of other prisoners.'" Farmer v. Brennan, 511 U.S. 825, 833 (1994).  Prison officials must ensure not only the safety of the prison staff, administrative personnel and visitors, but also are obliged "'to take reasonable measures to guarantee the safety of the inmates themselves.'"  Whitley v. Albers, 475 U.S. 312, 320 (1986), quoting Hudson v. Palmer, 468 U.S. 517, 526-527 [] (1984).  "[A] prison official violates the Eighth Amendment[1] when two requirements are met.  First, the deprivation alleged must be, objectively, 'sufficiently serious'....  For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm."  Id. at 834.  Second, "[t]o violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind' ... [T]hat state of mind is one of 'deliberate indifference' to inmate health or safety."  Id.  The prison official will be liable only if "the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id. at 837.

### Inadequate Medical Care

In order to state a §1983 claim for violation of the Eighth Amendment based on

---

[1] The Fourteenth Amendment, and not the Eighth Amendment, applies to pretrial detainee cases. Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979).  However, pretrial detainees' Fourteenth Amendment rights are analogized to the rights of prisoners under the Eighth Amendment. Redman v. County of San Diego, 942 F.3d 1435, 1441-1445 (9th Cir. 1991) (en banc).

6

1  inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence
2  deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).
3  To prevail, plaintiff must show both that his medical needs were objectively serious, and that
4  defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299
5  (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand). The requisite state of
6  mind for a medical claim is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 5
7  (1992).

8      A serious medical need exists if the failure to treat a prisoner's condition could result in
9  further significant injury or the unnecessary and wanton infliction of pain. Indications that a
10 prisoner has a serious need for medical treatment are the following: the existence of an injury
11 that a reasonable doctor or patient would find important and worthy of comment or treatment; the
12 presence of a medical condition that significantly affects an individual's daily activities; or the
13 existence of chronic and substantial pain. See, e.g., Wood v. Housewright, 900 F. 2d 1332, 1337-
14 41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989).
15 McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX
16 Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

17     In Farmer v. Brennan, 511 U.S. 825 (1994), the Supreme Court established a very
18 demanding standard for "deliberate indifference." Negligence is insufficient. Farmer, 511 U.S.
19 at 835. Even civil recklessness (failure to act in the face of an unjustifiably high risk of harm
20 which is so obvious that it should be known) is insufficient to establish an Eighth Amendment
21 violation. Id. at 836-37. It not enough that a reasonable person would have known of the risk or
22 that a defendant should have known of the risk. Id. at 842. Rather, deliberate indifference is
23 established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to
24 inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal
25 citation omitted) (emphasis added).

26     A physician need not fail to treat an inmate altogether in order to violate that inmate's
27 Eighth Amendment rights. Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989). A
28 failure to *competently* treat a serious medical condition, even if some treatment is prescribed, may

1  constitute deliberate indifference in a particular case. Id.   However, mere differences of opinion
2  concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation.
3  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Franklin v. Oregon, 662 F.2d 1337, 1344
4  (9th Cir. 1981). "A difference of opinion between a physician and the prisoner -- or between
5  medical professionals -- concerning what medical care is appropriate does not [without more]
6  amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012); see
7  also, Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989) (difference of medical opinion as to
8  treatment of serious medical needs does not amount to deliberate indifference). Nor is a mere
9  delay in medical care (without more) sufficient to constitute an Eighth Amendment violation.
10 See, e.g., Estelle,, 429 U.S. at 105-06;  Shapley v. Nevada Bd. of State Prison Commissioners,
11 766 F.2d 404, 407 (9th Cir.1984).
12         A finding that an inmate was seriously harmed by the defendant's action or inaction tends
13 to provide additional support for a claim of deliberate indifference; however, it does not end the
14 inquiry. McGuckin, 974 F.2d 1050, 1060 (9th Cir. 1992). In summary, "the more serious the
15 medical needs of the prisoner, and the more unwarranted the defendant's actions in light of those
16 needs, the more likely it is that a plaintiff has established deliberate indifference on the part of the
17 defendant." McGuckin, 974 F.2d at 1061.
18         Dismissal of Claims
19         It is not clear who all the intended defendants are, because plaintiff has failed to identify
20 all defendants in the appropriate section of his complaint. In addition, plaintiff makes allegations
21 against some parties he does not identify as defendants. Those allegations he does make
22 generally do not rise to the level of an Eighth Amendment violation. Plaintiff does not set forth
23 facts that would implicate defendant Hoffmeister, whom plaintiff alleges had been given
24 clearance by defendant Kent for plaintiff to proceed, for any failure to protect. To the extent that
25 it can be inferred that an action by defendant Kent allowed the inmate who attacked plaintiff into
26 the area before plaintiff was safely back in his housing unit, plaintiff does not present facts that
27 suggest that the action was the result of deliberate indifference or that this single incident suggests
28 a policy, practice or custom by defendant El Dorado County Sheriff's Dept. of failing to protect

protective custody inmates.

As to plaintiff's claims regarding inadequate medical care, plaintiff's haphazard manner of identifying (or failing to identify) the individuals on whom he seeks to lay blame requires dismissal. To the extent he seeks to implicate the sheriff's department in El Dorado County for a policy or custom of deliberate indifference to serious medical needs arising from the delay or inadequacy in treatment by either the custody or medical staff he received for his finger injuries, plaintiff again has not alleged facts that rise to the level of an unconstitutional deprivation. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. The complaint will be dismissed but plaintiff will be granted leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012) ) ("the general rule is that an amended complaint super[s]edes the original complaint and renders it without legal effect... .") Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each

9

defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: March 17, 2014

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE