UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH LINSON,<br><br>          Plaintiff,<br><br>     v.<br><br>EL DORADO COUNTY SHERIFF'S DETENTION DIVISION, et al.,<br><br>          Defendants. | No. 2:13-cv-2054 AC P<br><br><br>ORDER |

Plaintiff, a current state prisoner and former county jail inmate, is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend on March 17, 2014 and plaintiff has now filed a First Amended Complaint. ECF No. 9. The undersigned will screen the first amended complaint.

I.     Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

1

1  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
2  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
3  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
4  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
5  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
6  Cir. 1989); Franklin, 745 F.2d at 1227.

7      A complaint must contain more than a "formulaic recitation of the elements of a
8  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
9  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  "The pleading must
10 contain something more...than...a statement of facts that merely creates a suspicion [of] a legally
11 cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure
12 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted
13 as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662,
14 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the
15 plaintiff pleads factual content that allows the court to draw the reasonable inference that the
16 defendant is liable for the misconduct alleged."  Id.

17     In reviewing a complaint under this standard, the court must accept as true the
18 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
19 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff,
20 and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

21     The original complaint generally alleged that two named deputies at the El Dorado County
22 jail failed to protect plaintiff from an assault by another inmate on October 20, 2011.  Plaintiff
23 additionally alleged that unnamed medical and custody staff were deliberately indifferent to his
24 medical needs resulting from this attack by another inmate.  Both of these incidents reflected a
25 custom or policy involving a lack of training and disregarding inmates' medical needs by the El
26 Dorado County Sheriff's Department Detention Division, according to the allegations in the
27 original complaint.  Based on a lack of clarity concerning who plaintiff intended to name as
28 defendants responsible for his attack and inadequate medical care, the complaint was dismissed

2

with leave to amend.  See ECF No. 6 (screening order).

With one exception, the first amended complaint has failed to correct the deficiencies discussed in the prior screening order.  Liberally construed, the first amended complaint potentially states a colorable claim for relief against defendant Garcia pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b) based on his deliberate indifference to plaintiff's serious medical needs.

However, the remaining allegations in the first amended complaint fail to allege any claims against the other named defendants.  Although plaintiff names both Deputy Kent and Hoffmeister as defendants in this action, he fails to allege that they possessed the requisite culpable mental state to be liable under the Eighth Amendment for a failure to protect him, i.e. that their actions were deliberately indifferent to his health and safety.  While plaintiff has provided more information regarding his Eighth Amendment medical care claim, he has not described the actions of specific defendants who were responsible, with the above noted exception of defendant Garcia.  Plaintiff must describe the actions of the named defendants and how they deprived him of proper medical care.  Simply saying he received inadequate medical care and naming a few parties or an entire group of individuals such as "nurses," is insufficient.  Plaintiff's attachments to his first amended complaint also suggest that he was seen by medical staff for injuries resulting from the assault by another inmate much more quickly and with greater frequency than the allegations in the complaint suggest.  The attachments do not support, but merely undercut any Eighth Amendment deliberate indifference claim.  With respect to defendant El Dorado County Sheriff's Department, plaintiff continues to provide only vague and conclusory allegations that its policy, practices, or customs led to his assault by another inmate as well as to his inadequate medical care.  For these reasons as well as those discussed in the court's prior screening order, the first amended complaint will be dismissed with leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there

is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S. Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed with leave to amend within thirty days of the filing date of this order; and,

2. Upon filing an amended complaint or the expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

DATED: September 15, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE